Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VI)

| COSME COLÓN Y OTROS<br><br>Peticionarios<br><br>v.<br><br>MÁXIMO SOLAR INDUSTRIES INC. Y OTROS<br><br>Recurridos | KLCE202401055 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil núm. AG2020CV00169 (601)<br><br>Sobre: Acción Resolutoria y otros |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 9 de octubre de 2024.

Comparece ante este tribunal apelativo el Sr. Cosme Colón, la Sra. Yadira Regueira Álvarez y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, la parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 6 de agosto de 2024, notificada el 9 del mismo mes y año. Dicha *Resolución* fue emitida luego de que esta *Curia* dictara la Sentencia del 29 de febrero de 2024, en la cual revocamos la *Orden* donde el foro primario atendió la *Solicitud de Aprobación de Memorando de Costas y Honorarios* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

### I.

El 9 de febrero de 2020, la parte peticionaria instó una demanda sobre fraude, dolo, incumplimiento de contrato y daños y

perjuicios contractuales contra Máximo Solar Industries Inc. (Máximo Solar o la parte recurrida), sus aseguradoras A, B, C, demandado desconocido y sus aseguradoras D, E y F.[1]

Luego de varios trámites procesales, incluyendo haberse celebrado el juicio en su fondo, el 18 de julio de 2023, notificada y archivada en autos el 20 de julio siguiente, el TPI dictó una *Sentencia* ordenando la resolución de contrato suscrito entre las partes, y la devolución de la totalidad de lo pagado. Además, ordenó a la parte recurrida remover todos los equipos instalados en la residencia, e impuso $5,000 en concepto de honorarios de abogado por temeridad.[2] El 15 de noviembre de 2023, esta *Curia* dictó la *Sentencia* confirmando dicho dictamen.[3]

El 10 de enero de 2024, el TPI aprobó el *Memorando de Costas* con las siguientes cuantías:

> 1. $750.00 por la preparación del juicio del Dr. Juan Charles a razón de $150.00 la hora por cinco horas.
> 2. $450.00 por tiempo en sala el día del juicio del Dr. Juan Charles a razón de $150.00 la hora por tres horas.
>
> Total aprobado: $1,200.00.

Inconforme, la parte peticionaria acudió a este tribunal intermedio mediante el recurso de *certiorari* KLCE202400166. El 29 de febrero de 2024 dictamos una *Sentencia* expidiendo el recurso solicitado y revocamos el dictamen recurrido. En nuestro dictamen instruimos al foro de primera de instancia lo siguiente:[4]

> "... le correspondía al TPI señalar aquellos gastos incurridos en la acción que consideró necesarios y razonables, y en cuanto aquellos gastos que entendiera no procedían tenía que conceder término a la parte peticionaria para justificar las mismas o señalar una vista a esos efectos. Por su parte, en cuanto a los gastos del perito, le corresponde al foro recurrido determinar su razonabilidad como es requerido por la jurisprudencia aplicable."

---

[1] Véase, el trámite procesal consignado en la *Sentencia* del recurso KLCE202400166.
[2] *Íd.*
[3] Véase, KLAN202300738. El Mandato se emitió el 29 de diciembre de 2023.
[4] Véase, Apéndice del Recurso, a la pág. 11.

Recibido el Mandato,[5] el 5 de junio de 2024 el TPI emitió una orden señalando vista para discutir el *Memorando de Costas*, "conforme Sentencia del Tribunal de Apelaciones ..., el 30 de julio de 2024 a las 11:00am mediante videoconferencia."[6]

El 6 de agosto de 2024, sin la celebración de la vista, el TPI dictó la *Resolución* recurrida en la cual dispuso lo siguiente:[7]

> [...], en adición a los $1,200.00 ya concedidos a favor de la parte demandante por concepto de costas y honorarios, le concede lo siguiente:
>
> 1. $3,800 en concepto de honorarios de abogado
> 2. $332.00 por concepto de deposiciones ...
> 3. $90.00 por concepto de Sello de Rentas Internas
> 4. $80.00 por concepto de diligenciamiento de emplazamiento
>
> El Tribunal hace constar que las costas y honorarios aquí concedidos, son en adición a los concedidos anteriormente por concepto de la preparación del perito para el juicio.

En desacuerdo con el dictamen, la parte peticionaria solicitó la reconsideración. El 29 de agosto de 2024, notificada ese mismo día, el foro recurrido declaró *No Ha Lugar* al petitorio. [8]

Inconforme, la parte peticionaria acude a este tribunal intermedio mediante el recurso de *certiorari* de epígrafe imputándole al foro de primera instancia haber incurrido en los siguientes errores:

> I. EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMETIÓ ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL NO OTORGAR [A] LOS PETICIONARIOS LAS COSTAS CORRESPONDIENTES A LOS ANEJOS "A" Y "F", SOLICITADOS, A PESAR DE LA EVIDENCIA SOMETIDA Y QUE SURGE DEL MEMORANDO DE COSTAS SOBRE DICHOS GASTOS, Y A PESAR DE LA OPOSICIÓN DE LOS RECURRIDOS, ELIMINANDO ASÍ LA CANTIDAD DE $6,018.10 SIN JUSTIFICACIÓN ALGUNA.
>
> II. EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMETIÓ ERROR DE DERECHO Y

---

[5] El mandato fue emitido el 19 de abril de 2024.
[6] Véase, Apéndice del Recurso, a la pág. 13.
[7] *Íd.*, a la pág. 15.
[8] *Íd.*, a la pág. 28.

ABUSÓ DE SU DISCRECIÓN AL NO SEÑALAR O DISCUTIR SU FUNDAMENTO, SI ALGUNO, EN CUANTO A AQUELLOS GASTOS QUE ENTENDIERA QUE NO PROCEDÍAN Y TENÍA ADEMÁS QUE CONCEDER EL TÉRMINO A LA PETICIONARIA PARA JUSTIFICAR LAS MISMAS O SEÑALAR UNA VISTA A ESTOS [EFECTOS].

III. EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMETIÓ ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL NO CELEBRAR LA VISTA ORDENADA POR EL TA MEDIANTE SENTENCIA DEL [29] DE FEBRERO DE 2024.

En atención a la decisión arribada, determinamos prescindir de trámite ulterior según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). Esta norma nos faculta para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

**II.**

**Auto de *Certiorari***

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso discrecional del *certiorari* es el mecanismo adecuado para solicitar la revisión de las órdenes y las resoluciones dictadas por el Tribunal de Primera Instancia. Sin embargo, esta regla no es extensiva a asuntos post-sentencia. Por lo tanto, el único recurso disponible para revisar cualquier determinación posterior a dictarse una sentencia es el de *certiorari*.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal

inferior. *García v. Padró*, supra, pág. 324; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).

La Ley de la Judicatura, Ley núm. 201-2003, dispone en su Artículo 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

La expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B. El tribunal tomará en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y, por tanto, deberá prevalecer la determinación del foro recurrido.

En síntesis, estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por otro

lado, el ejercicio de las facultades de los tribunales de primera instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000).

**Figura del mandato**

El mandato es una figura enmarcada dentro de los procesos apelativos judiciales. Esta se ha definido como el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma. *Mejías v. Carrasquillo, et al.*, 185 DPR 288 (2012); *Colón y otros v. Frito Lays*, 186 DPR 135, 151 (2012). La figura del mandato está regida por las disposiciones de la Regla 84 (E) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 84(E).

El propósito principal del mandato es lograr que el foro inferior actúe de forma consistente. El efecto del mandato alcanza incluso aquellas cuestiones que pudieron haberse litigado.

Así, recibido el mandato, **lo resuelto por el tribunal apelativo constituye la ley del caso y el tribunal inferior debe limitarse a cumplir con lo ordenado**. El foro primario debe circunscribirse a lo dispuesto por el foro apelativo, lo cual constituye la ley del caso entre las partes. *Rosso Descartes v. BGF*, 187 DPR 184, 191-192 (2012).

**III.**

En síntesis, la parte peticionaria planteó que erró el TPI al emitir una *Resolución* sin atender lo mandatado por este foro

intermedio en la *Sentencia* dictada, en el recurso núm. KLCE202400166, el 29 de febrero de 2024.

Como mencionamos, en la referida *Sentencia* ordenamos al foro recurrido a: (1) señalar aquellos gastos incurridos en la acción que consideró necesarios y razonables, (2) en cuanto aquellos gastos que entendiera no procedían, tenía que conceder término a la parte peticionaria para justificar las mismas o señalar una vista a esos efectos, (3) en cuanto a los gastos del perito, determinar su razonabilidad como es requerido por la jurisprudencia aplicable. Además, destacamos "que del análisis del Anejo 2 que se acompañó con el Memorando surge que el foro recurrido disminuyó la cuantía que el perito indicó como sus honorarios (*fee*) por hora. El perito consignó la hora a $200 y el TPI la redujo a $150 sin fundamento y sin haberle dado la oportunidad a la parte peticionaria para justificar dichos honorarios."[9]

Por tanto, examinado el recurso ante nuestra consideración al palio de la Regla 40 de nuestro Reglamento, *supra*, concluimos que procede su expedición debido a que están presentes algunos de los criterios allí dispuestos. Incluso, la etapa de los procedimientos en la que se encuentra el caso, ante el foro primario, es la más propicia para intervenir y la disposición de la decisión recurrida es contraria a derecho.

Como expusimos en el derecho precedente, el mandato constituye el mecanismo apelativo que utiliza un tribunal en alzada para comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle a actuar de conformidad con la misma. Asimismo, explicamos que **lo resuelto por el tribunal apelativo constituye la ley del caso y el tribunal**

---

[9] [Nota al calce omitida]. *Íd.*, a la pág. 10.

**inferior debe limitarse a cumplir con lo ordenado**. *Rosso Descartes v. BGF*, supra.

En virtud de la antedicha normativa, resulta forzoso concluir que el foro primario no ha procedido a cumplir con lo ordenado por este foro apelativo en la *Sentencia* del 29 de febrero de 2024. Incluso, señaló una vista para discutir el memorando conforme a lo mandatado por este foro apelativo; sin embargo, se desconoce qué aconteció con dicho señalamiento.[10] Así las cosas, y sin celebración de la vista ordenada, el TPI emitió la *Resolución* recurrida concediendo las partidas que eran claramente recobrables y concedió una cuantía adicional en honorarios de abogado. Esto último sin establecer fundamento alguno.

En cuanto a los gastos del perito, **ignoró totalmente** la directriz que le emitiéramos. "…, [E]n cuanto a si procede o no el pago de los honorarios de peritos contratados por las partes, el tribunal "[tiene] que evaluar su naturaleza y utilidad a la luz de los hechos particulares del caso ante su consideración, teniendo la parte que los reclama el deber de demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría". *Rodríguez Cancel v. A.E.E.*, 116 DPR 443, 461 (1985). "[D]eben tomarse en cuenta las credenciales que ostenta el experto designado para rendir una opinión sobre una materia en particular. También corresponde examinar el alcance de su testimonio, para de este modo estar en posición de aquilatar su utilidad en beneficio de la postura procesal de la parte que resulte victoriosa. Cónsono con lo anterior, se descartará en la medida en que este resulte irrelevante, inmaterial o innecesario en la tramitación del caso del que solicita el reembolso." *Maderas Tratadas v. Sun Alliance et al.*, supra, a la

---

[10] Revisamos el expediente electrónico en SUMAC y no consta un trámite al respecto.

pág. 936." [11] Recalcamos que, una vez recibido el Mandato el 19 de abril de 2024, el foro a *quo* tenía que **cumplir con lo ordenado**.

Por tanto, al evaluar la *Resolución* recurrida a la luz de la doctrina del mandato, debemos concluir que el TPI no tenía la facultad, ni la autoridad para no actuar conforme a lo ordenado. Incluso, se excedió en sus facultades al aumentar la partida de honorarios de abogado sin justificación. Nótese que la adjudicación de $5,000 en honorarios de abogado fue confirmada por esta *Curia* y al presente es un dictamen final y firme. Reiteramos que el foro primario venía obligado a seguir el mandato de este tribunal y proseguir con los procedimientos indicados.

En conclusión, procede revocar la *Resolución* recurrida y le corresponde al foro a *quo* celebrar la vista señalada y emitir un dictamen acorde con los pronunciamientos expresados en el recurso núm. KLCE202400166. Ello permitirá que las partes, que así lo interesen, puedan recurrir ante este foro intermedio para impugnar lo resuelto en el dictamen revocado. Más aún, nos permitirá ejercer adecuadamente nuestra función revisora.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* solicitado y revocamos el dictamen recurrido. Devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para que actúe conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[11] *Íd.*, a la pág. 9.